# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>   Plaintiff,<br><br>   v.<br><br>AMIN GULAMALI, et al.,<br><br>   Defendants. | Case No.  1:13-cv-00686-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>ECF NO. 25 |

On November 12, 2013, Plaintiff Ronald Moore ("Plaintiff") filed a motion to amend his complaint. (ECF No. 25.) Defendants Amin Gulamali, Nilofer Kabani, Ramzan Gulamali, Irene Gulamali, Dalbir Singh Behla, Jasbinder Singh and Swinder Singh ("Defendants") filed a statement of non-opposition to the motion on November 21, 2013. (ECF No. 26.)

Pursuant to Local Rule 230(g), the Court deems the matter submitted upon the record and briefs on file and vacates the hearing on the motion scheduled for December 18, 2013. For the reasons set forth below, the Court grants Plaintiff's motion to amend.

## I.

## BACKGROUND

The original complaint in this action was filed on May 9, 2013. (ECF No. 1.) On August 20, 2013, the Court issued a scheduling order setting the deadline to file a motion to amend the pleadings for November 15, 2013. (ECF No. 22.) Plaintiff filed their motion to amend on

1

November 12, 2013.  (ECF No. 25.)

## II.

## LEGAL STANDARDS

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend must be given unless reasons exist to deny leave "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc...." Foman v. Davis, 371 U.S. 178, 182 (1962) see also AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006)).  "Not all of the factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

## III.

## DISCUSSION

The Court finds that leave to amend is appropriate.  Defendants have not opposed Plaintiff's request and none of the Foman factors weigh significantly against granting the request.  There is no substantial suggestion of undue delay, bad faith or dilatory motive on Plaintiff's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Defendants or futility of amendment.  Accordingly, the Court will grant Plaintiff's motion to amend.

///
///
///
///

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. The hearing scheduled for this motion on December 18, 2013 is VACATED;
2. Plaintiff's motion to amend is GRANTED (ECF No. 25);
3. Plaintiff shall file their amended complaint within fourteen (14) days; and
4. Defendants shall file a responsive pleading within fourteen (14) days after the amended complaint is filed.

IT IS SO ORDERED.

Dated: **December 9, 2013**

UNITED STATES MAGISTRATE JUDGE

3